HARDING et al. v. ELLIOTT et al.

(Supreme Court, Appellate Division, First Department.　January 19, 1900.)

1. EVIDENCE—MOTION TO STRIKE.
　　Motion to strike testimony, which had been received without objection, is insufficient to raise any objection to its relevancy under the pleadings.
2. SALES—GOODS SOLD AND DELIVERED.
　　Where there is an executory sale of goods by sample, pursuant to which the goods are afterwards delivered, action for "goods sold and delivered" will lie, though they were manufactured after the sale.

Appeal from trial term, New York county.

Action by Byron Harding and others, as co-partners, doing business under the name of Harding Sons & Johnson, against Henry Elliott and others, as co-partners doing business under the name of Wallace, Elliott & Co. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Martin Saxe, for appellants.
Clifford W. Hartridge, for respondents.

INGRAHAM, J. The action was brought to recover for goods sold and delivered. One of the plaintiffs testified to a conversation between the plaintiffs and the defendants, in which the defendants, after looking over certain samples, said that they wanted to buy a line of samples; that, if the shoes would keep up to the samples, they could use the goods; that the shoes were to be shipped as fast as the plaintiffs could get them out; and that plaintiffs received the order, and manufactured the goods, and shipped them to Wallace, Elliott & Co. The order was for certain samples preparatory to making a line of goods. This took place some time in November, 1897, and the agreed price was $206. This evidence was received without objection. The goods were received by defendant between December 21st and 23d, and were retained for six weeks. The defendants' firm dissolved December 23d, but was continued by one of the defendants as successor. At the end of all the testimony, the defendants moved to dismiss the complaint upon the ground that the plaintiff had shown no cause of action whatever, as there was no proof to support a contract for goods sold and delivered, and moved to have all the testimony in regard to this contract stricken out upon the ground that it was incompetent and immaterial. That motion was denied, and the defendants excepted. Evidence having been received without objection, tending to show a valid contract for the delivery of goods to the defendants for an agreed price, followed by the delivery and retention of the goods for upwards of six weeks, the court was justified in refusing to dismiss the complaint; and a motion subsequently made to strike out that testimony, which had been received without objection, was insufficient to raise any objection to its relevancy under the allegations of the complaint. We think, however, that there was a good

cause of action proved for goods sold and delivered. It was a sale by sample, and, while executory, and to be performed in the future, it was a contract for the sale of the goods. Whether or not the goods were to be manufactured or purchased by the plaintiffs was immaterial. The contract was not for work, labor, and services, but for the sale and delivery of specific articles according to a sample produced, to be delivered in the future, and at an agreed price. The court submitted to the jury the question as to whether there was an actual acceptance of the goods by the defendants, and, there being no right reserved to return the goods, and the jury having decided that there was such an acceptance, we think the plaintiffs were entitled to recover. There was no objection to evidence or to the charge of the court which needs consideration.

The judgment should be affirmed, with costs. All concur.